# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| **Sass Liimonti,** | * | |
| **Plaintiff,** | * | |
| v. | * | CIVIL NO. RDB 04-529 |
| **Baltimore County, Maryland, et al.** | * | |
| **Defendants.** | * | |

\* * * * * * * * * * * * * * * * * * * * * * *

## MEMORANDUM OPINION

This is an excessive force case brought pursuant to 42 U.S.C. § 1983 and various Maryland-law counterparts, on behalf of Ajakhai Mari Liimonti, a minor child, against Baltimore County, Maryland, the Baltimore County police chief, and various individual police officers employed by the Baltimore County Police Department. On February 26, 2004, Plaintiff filed a twenty-count Complaint alleging that Defendants violated her constitutional rights by interrogating her in connection with a false report made from her cellular telephone on December 17, 2002. Specifically, the caller using Liimonti's telephone told the emergency operator that there was a black male in a red shirt in her school's library holding a gun to a student's head. The call prompted an enormous police response causing a massive disruption to Plaintiff's fellow students and the faculty and staff at Plaintiff's school. In addition, other facilities in the area were evacuated, and streets were cordoned off, causing a disruption to the surrounding community.

During the course of the litigation, two of the counts in Plaintiff's Complaint were dismissed by the Court. On November 15, 2004, Defendants moved for summary judgment as to the remaining

counts.  Three days later, the United States Court of Appeals for the Fourth Circuit issued what would later be determined to be a controlling opinion in this case.  In *Wofford v. Evans,* 390 F.3d 318 (4th Cir. 2004), the Fourth Circuit affirmed a district court's grant of summary judgment in favor of the defendant school system and police department where a ten-year-old student who was twice detained by school administrators and questioned regarding a tip that the student had brought a gun to school. *Id.*  The court found that no constitutional violation had occurred in spite of the fact that, during one of the interrogations, the interrogators ignored the child's complaints of nausea and requests for her mother.  *Id.*  In finding no depravation of rights, the court noted that:

> School officials must have the leeway to maintain order on school premises and secure a safe environment in which learning can flourish.  Over-constitutionalizing disciplinary procedures can undermine educators' ability to best attain these goals. Imposing a rigid duty of parental notification or a per se rule against detentions of a specified duration would eviscerate the ability of administrators to meet the remedial exigencies of the moment. The Constitution does not require such a result.

*Id.* at 321.  Despite the obvious import of the *Wofford* opinion on this case, Plaintiff failed to distinguish or otherwise address the case in her Opposition to Defendants' summary judgment motion.  In contrast, Defendants relied heavily on *Wofford* in Defendants' Reply in support of the summary judgment motion.

On January 27, 2005, this Court held a lengthy hearing on Defendants' Motion for Summary Judgment.  During that hearing, Plaintiff was unable to distinguish *Wofford* or to proffer sufficient evidence to survive summary judgment as to any of her remaining claims.  Accordingly, the Court entered judgment in favor of Defendants as to all remaining claims.

Now before the Court is Defendants' Motion for Attorney's Fees and Costs, pursuant to 42

U.S.C. § 1988(b), and Defendants Motion for Sanctions against Plaintiff's counsel, pursuant to Fed. R. Civ. P. 11(c)(1)(A).[1] In support of both Motions, Defendants contend that they are entitled to fees and costs because Plaintiff's suit was plainly frivolous. For the reasons that follow, Defendants' Motion for Fees and Costs, and Defendants' Motion for Sanctions, will be Denied. The issues have been fully briefed, and no hearing is necessary. *See* Local Rule 105.6 (D. Md. 2004).

### Applicable Legal Standards

The United States Supreme Court has held that prevailing defendants may recover attorney's fees and costs in civil rights actions "upon a finding that the plaintiff's action was frivolous, unreasonable, or without foundation, even though not brought in subjective bad faith." *Christiansburg Garment Co. v. Equal Employment Opportunity Commission,* 434 U.S. 412, 421 (1978). In this context, courts have recognized that "an award of legal fees is appropriate in a civil rights action only in extraordinary circumstances." *Goldstein v. Costco Wholesale Corp.,* 337 F. Supp. 2d 771, 774 (E.D. Va. 2004). Moreover, "[w]hen awarding attorney's fees to prevailing defendants, the United States Court of Appeals for the Fourth Circuit has instructed courts to strike a careful balance between not chilling civil rights claims and protecting the judicial process from abuse." *Id.* (citing *Blue v. United States Dept. of the Army,* 914 F.2d 525, 535 (1990)). In addition, the Fourth Circuit has cautioned that, "[a]s a general matter, dismissal of a frivolous [civil rights] case on the

---

[1] The Fourth Circuit has held that, because of the safe harbor provisions contained within Rule 11, district courts lack the authority to impose sanctions pursuant to Rule 11(c)(1)(A) after judgment has been entered in the case. *Brickwood Contractors, Inc. v. Datanet Engineering, Inc.,* 369 F.3d 385, 389 (4th Cir. 2004). In this case, summary judgment was entered on January 27, 2005, and Defendants' Motion was filed on March 3, 2005. Thus, under the Fourth Circuit's holding in *Brickwood Contractors, Inc.,* 369 F.3d at 389, Defendants' Motion for Sanctions must be denied.

3

merits should be a first option, whereas imposition of sanctions should be a matter of last resort." *Blue v.,* 914 F.2d at 535.

## Analysis

Despite the fact that this Court entered judgment in favor of Defendants, this Court declines to find that there are extraordinary circumstances rendering the Plaintiff's complaints "frivolous, unreasonable, or without foundation." On the date of the incident giving rise to this lawsuit, Ajakhai Mari Liimonti was an eleven-year-old African American girl attending the Loch Raven Academy in Baltimore County. She alleged that she was subjected to a lengthy interrogation by white officers who used emotionally abusive techniques. Faced with this Complaint, Defendants filed an answer to the Complaint instead of filing a motion to dismiss. Subsequently, Defendant Police Chief Terrence Sheridan moved to dismiss three of the twenty counts because those counts improperly named him in his personal capacity. The Court granted that motion with respect to two of the counts. The case proceeded through discovery as to the remaining eighteen counts. Discovery revealed that some of Liimonti's complaints were exaggerated, but her basic allegations were never proven false. Thus, there is no support for Defendant's contention that Plaintiff's allegations lacked a factual foundation.

In addition, Plaintiff's claim was not unreasonable when her claim was initially brought. As the Supreme Court noted, "it is important that a district court resist the understandable temptation to engage in *post hoc* reasoning by concluding that, because a plaintiff did not ultimately prevail, his action must have been unreasonable or without foundation." *Christiansburg Garment Co. v. Equal Employment Opportunity Commission*, 434 U.S. 412, 421-422 (1978). There is no question that

Plaintiff's claims are completely foreclosed by the Fourth Circuit's opinion in *Wofford v. Evans,* 390 F.3d 318 (4th Cir. 2004). Had the Plaintiff brought her claim after that opinion was issued, the claim may well have been deemed to be frivolous. However, that case was decided after the case had proceeded through discovery. Prior to that time, Plaintiff's claims[2] were, at a minimum, colorable. Accordingly, an award of attorneys fees and costs to Defendants is not warranted in this case. *See Blue v.,* 914 F.2d at 535.

## **Conclusion**

For the foregoing reasons, Defendants' Motion for Attorney's Fees and Costs, and Defendants' Motion for Sanctions, will be DENIED. A separate Order follows.

Dated:   May 24, 2005                          /s/ _____
                                                Richard D. Bennett
                                                United States District Judge

---

[2] Although the Court agrees that some of the state-law claims asserted in Plaintiff's complaint were extraneous, as evidenced by the fact that Plaintiff abandoned several of her claims, those claims were properly disposed of through summary judgment. The Court finds no basis for imposing additional sanctions as to those claims.

5